UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DAVID NICKERSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 10-10049-JLT |
| | * | |
| JASON A. YANNA and DIEBOLD, INC., | * | |
| | * | |
| Defendants. | * | |
| | * | |

ORDER

April 28, 2010

TAURO, J.

    This personal injury action arises out of a motor vehicle accident involving Plaintiff and Defendant Jason A. Yanna.  Presently at issue is <u>Defendant Diebold, Inc.'s Motion to Dismiss Count II of the Plaintiff's Complaint</u> [#8].  Plaintiff's Complaint alleges two counts of negligence.  In Count I, Plaintiff alleges that Defendant Yanna, while negligently operating a motor vehicle owned by Defendant Diebold, Inc., struck the Plaintiff, a pedestrian, and caused him to sustain severe injuries.  In Count II, Plaintiff alleges that Defendant Diebold, Inc., negligently allowed its agent, Defendant Yanna, to operate the motor vehicle which it owned.

    Because Count II seeks to assert a negligence claim against Defendant Diebold, Inc., directly, rather than derivatively based on the negligence of its agent, this court must interpret Count II to allege either a claim for negligent entrustment or a claim for negligent hiring, retention, or supervision.  Plaintiff has failed to plead a necessary element as to both types of claims and, therefore, this court must dismiss Count II of the Plaintiff's complaint.

To state an actionable claim for negligent entrustment of a motor vehicle, Plaintiff must plead, among other things, that the entrustor had actual knowledge of the unfitness of the entrustee.[1]  In a similar vein, to state a claim for the tort of negligent hiring, retention, or supervision, Plaintiff must "allege that the employer knew, or should have known, that the offending employee had a proclivity to commit the complained-of acts, and that the employer nevertheless failed to take corrective action."[2]  Plaintiff here has alleged only that Defendant Diebold, Inc., was negligent in allowing Defendant Yanna to operate a motor vehicle that it owned.  Absent allegations that Defendant Diebold, Inc., knew or had reason to know that Defendant Yanna was unfit to operate the motor vehicle in question at the time permission to do so was granted, Plaintiff's Complaint is insufficient to sustain a direct claim for negligence against Diebold, Inc.[3]

Accordingly, Defendant Diebold, Inc.'s Motion to Dismiss Count II of the Plaintiff's Complaint [#8] is ALLOWED.  Count II of Plaintiff's Complaint is DISMISSED.

IT IS SO ORDERED.

   /s/ Joseph L. Tauro
United States District Judge

---

[1] See Peters v. Haymarket Leasing, Inc., 64 Mass. App. Ct. 767, 771 (2005) (quoting Mitchell v. Hastings & Koch Enterprises, Inc., 38 Mass. App. Ct. 271, 276-77 (1995)).

[2] Vicarelli v. Business Int'l, 973 F.Supp. 241, 246 (D. Mass. 1997).

[3] Plaintiff's reliance on Mass. Gen. Laws c. 231 § 85A is misplaced. Mass. Gen. Laws c. 231 § 85A establishes that ownership of a motor vehicle at the time of a collision shall be "prima facie evidence that it was then being operated and under the control of a person for whose conduct the defendant was legally responsible."  "Like the responsibility of a principal for the negligence of his agent, or a master for that of his servant, the liability of the registered owner is not joint and several, but derivative."  Gangl v. Ford Motor Credit Co., 37 Mass. App. Ct. 561, 563 (1994).  Accordingly, this statute provides the Plaintiff no relief from dismissal of a direct claim for negligence asserted against the owner of the vehicle at issue.